IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIFNEY A. DEMARCUS,<br>　　　Plaintiff,<br><br>vs.<br><br>TOWN OF APACHE, OKLAHOMA,<br>a municipal corporation; and<br>THE APACHE PUBLIC WORKS<br>AUTHORITY, a public trust,<br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. CIV-22-1001-R<br>)<br>)<br>)<br>)<br>)<br>) |

# COMPLAINT

Plaintiff, Tifney A. DeMarcus, for her complaint against the Town of Apache and the Apache Public Works Authority, alleges and states as follows:

1. Tifney A. DeMarcus, at the time of the actions complained of here, lived in Apache, Oklahoma, and currently lives in Lawton, Oklahoma.

2. The Town of Apache (Apache) is municipal corporation formed under the laws of the State of Oklahoma as a statutory town board of trustees form of government and located in the Caddo County, State of Oklahoma.

3. The Apache Public Works Authority (APWA) is a public trust formed for the benefit of the Town of Apache, State of Oklahoma and is located in the Town of Apache and Caddo County, State of Oklahoma.

4. Ms. DeMarcus brings this action against the Defendants under the Equal Pay Act of 1863, as amended, (29 U.S.C. § 206(d)), Title VII of the Civil Rights Act of 1964, and under the Oklahoma Open Meeting Act (25 O.S. § 311(B)(2)(a)).

5. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.  This Court has supplemental jurisdiction of Plaintiff's state claims under 28 U.S.C. § 1367.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## STATEMENT OF FACTS

7. Ms. DeMarcus was hired as a "Water Employee" on or about October 15, 2020, at the rate of $11.50/hr.

8. At the time Ms. DeMarcus was hired, Ms. DeMarcus had ten (10) years of water experience with equipment operation.

9. Ms. DeMarcus obtained her license as a Wastewater Works Operator and Waterworks Operator from the Oklahoma Dept. of Environmental Quality (DEQ), Water Quality Division in or around January 2021 and she functioned as the System Manager/Superintendent under the DEQ rules and regulations, as she was the only Water Employee who had the required certification.

10. Ms. DeMarcus was the only female "water employee" and the only female who had ever functioned as the Water Superintendent.

11. During her employment with Defendants, Ms. DeMarcus was the only licensed Operator with the AWPA.

12. Ms. DeMarcus was given a raise to $13.75/hr. on or about February 11, 2021.

13. On or about June 2021, Defendants hired Bobby Claborn, who, on information and belief, had no experience with water systems and no certifications, and was hired at

$12.75/hr., $1.00 more per hour than Ms. DeMarcus was hired at only a few months before.

14. On or about August 19, 2019, less than a year prior to Ms. DeMarcus, Aaron Finchum was hired as a "water worker" at $12.00/hr., $0.50 more than Ms. DeMarcus, and he also had no certifications and no experience.

15. On information and belief, the Defendants had a history of hiring the water superintendents at substantially more than they did Ms. DeMarcus.

16. On or about June, 2021, Ms. DeMarcus asked the Defendants to pay her comparable to the previous Superintendents, a pay that matched her skills and experience.

17. On or around a male co-worker, Keith Crockarell, called Ms. DeMarcus a very derogatory name for a woman to be called.

18. Ms. DeMarcus reported this, and allegedly he was given a verbal warning, but no documentation exists of this, and his treatment of Ms. DeMarcus did not change.

19. On or around September 3, 2021, the same co-worker, Cockarell, who called Ms. DeMarcus the derogatory name, reported that he found a threatening letter in his vehicle.

20. Apache hired an alleged "expert" to determine who wrote the note.

21. On information and belief, this "expert" did not follow standard procedures for a forensic analysis of handwriting.

22. In the mid-afternoon of September 7, 2021, this "expert" had everyone write the note in their own handwriting with their dominant hand and with their non-dominant hand.

23. From this, the "expert" told Defendants that she had determined conclusively that Ms. DeMarcus had written the note.

24. Ms. DeMarcus was fired at the regular Board of Trustees' meeting that evening.

25. The Agenda for that meeting and for an executive session stated "Proposed Executive Session under Section 307B-1 Title 25 of the Oklahoma Statutes to discuss employee compensation, work schedules, departments and insurance coverage for Keith Crockarell.  Also 90 day review for Bobby Claborn."

26. However, during that executive session, the Board of Trustees discussed the conclusion of the "expert," and decided to fire Ms. DeMarcus, which was voted on after return from the executive session.

27. The Agenda for that meeting did not meet the requirements for Agendas under the Open Meetings Act.

28. 25 O.S. § 307(E)(1) requires that the executive session be noted on the agenda as provided in 25 O.S. § 311, which requires the agenda "identify the items of business and purposes of the executive session."  25 O.S. § 311(B)(2)(a).

29. The Oklahoma Attorney General has issued an opinion stating that the agenda item for an executive session must include the name of the person being discussed "unless the position held by the person is so unique as to allow adequate identification."  *See* 1997 OK AG 61, ¶ 5.[1]

---

[1] While trial courts have the responsibility to make an independent judgment of the issues presented, "it is the duty of public officers . . . with notice thereof to follow the opinion of the Attorney General until relieved of such duty by a court of competent jurisdiction or until this Court should hold otherwise." *Pan American Petro. Corp. v. Bd. of Tax-Roll Cor.*, 1073 OK 52, ¶ 10, 510 P.2d 680 (internal citation omitted).  Further, in Oklahoma an Attorney's General opinion "is binding on officials affected by it . . . until the public official is relieved thereof by a court of competent

30. Because the September 7, 2021, agenda item was deficient, any actions taken are invalid under 25 O.S. § 313.

### FIRST CAUSE OF ACTION: DISCRIMINATION AND RETALIATION IN VIOLATION OF THE EQUAL PAY ACT

31. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 30, above.

32. Ms. DeMarcus was employed by the Defendants.

33. The Defendants meet the statutory definition of employer as public agencies.

34. On information and belief, previous water superintendents, all males, were paid substantially more at hire than Ms. DeMarcus.

35. Male employees with less skills and experience as Ms. DeMarcus and hired close in time to her, were hired at a higher rate than Ms. DeMarcus.

36. The only difference between Ms. DeMarcus and the higher-paid male employees is that she is a woman.

37. Defendants were aware that she was being paid less than males and knew that she had substantial skills and experience as a water superintendent.

38. After Ms. DeMarcus requested that she be paid comparable to the males, she was fired on a fabricated reason, in retaliation for her seeking equal pay.

39. Defendants had knowledge of the requirements of the law and ignored those requirements.

---

jurisdiction or until this court holds otherwise than the attorney's general opinion." *Grand River Dam Authority v. State*, 1982 OK 60 ¶ 15, 645 P.2d 1011, 1016.

40. Defendants recklessly disregarded the requirements of the EPA.

41. As a direct, legal and proximate result of Defendants' retaliation and discrimination against Ms. DeMarcus, she has sustained, and will continue to sustain, economic damages in an amount to be proven at trial. As a result of Defendants' actions, Ms. DeMarcus has suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available at trial for violation of the Equal Pay Act, including liquidated damages for all willful violations, prejudgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. § 216(b).

42. Ms. DeMarcus seeks damages for back pay, front pay, liquidated damages, attorney fees and costs and for such other relief as is just and proper.

### SECOND CAUSE OF ACTION: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964.

43. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 41, above.

44. On information and belief, Defendants had fifteen or more employees for at least 20 calendar weeks during the relevant time period and is a covered employer under Title VII.

45. Ms. DeMarcus was the only female "water employee" employed by Defendants.

46. Ms. DeMarcus was paid less than male employees who had less experience and skills than she had.

47. Ms. DeMarcus was sexually harassed by another employee, Keith Cockarell.

48. The Defendants were aware of the harassment but did nothing to stop the harassment.

49. Mr. Cockarell made a claim that someone had written a "poison pen letter" to him.

50. Defendants, based on a questionable investigation, illegally fired Ms. DeMarcus, alleging that she was the author of the "poison pen letter."

51. Defendants did not exercise reasonable care to prevent harassment in the workplace based on sex and did not exercise reasonable care to promptly correct any harassing behavior that did occur.

52. The Defendants' adverse actions were sufficient to deter a reasonable person from engaging in protected activity under Title VII.

53. Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Ms. DeMarcus' right to be free from discrimination and retaliation based on sex.

54. As a direct, legal and proximate result of Defendants' retaliation and discrimination against Ms. DeMarcus, she has sustained, and will continue to sustain, economic damages in an amount to be proven at trial. As a result of Defendants' actions, Ms. DeMarcus has suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available at trial, including back pay, front pay, prejudgment interest, attorneys' fees and costs.

**THIRD CAUSE OF ACTION:  DECLARATORY RELIEF FOR VIOLATION OF THE OKLAHOMA OPEN MEETINGS ACT.**

55. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 52, above.

56. As public entities, both the Town of Apache and the Apache Public Works Authority are subject to the Oklahoma Open Meetings Act (OMA).

57. The OMA requires that the Agenda for meetings be posted twenty-four hours ahead of the meeting and that the Agenda include detailed information on what is going to be covered.

58. The OMA requires that agenda for executive sessions "identify the items of business and purposes of the executive session." 25 O.S. § 311(B)(2)(a).

59. The Apache Public Works Authority Agenda for September 7, 2021, does not mention consideration of the termination of Ms. DeMarcus.

60. The discussion of Ms. DeMarcus's termination could not have been known at the time the Agenda was posted, because the "expert" did not finish the report until after 5:00 p.m. on September 7th.

61. The action to fire Ms. DeMarcus is invalid under 25 O.S. § 313.

62. The violation of the Open Meeting Act was willful because it knew or should have known the requirements of the law.

63. Even if the Defendants claim they did not know this was a violation of the law, the previous mayor of Apache was in attendance at the meeting and stood up and told the Board that this was a violation.

64. A willful violation of the Open Meeting Act causes the minutes and all other records of the executive session to be immediately made public.

65. Ms. DeMarcus seeks injunctive relief declaring her termination invalid and the minutes of that September 7, 2021 executive session be made public.

66. Ms. DeMarcus seeks backpay, attorney fees and costs, and for such other relief as is just and proper

## PRAYER FOR RELIEF

Plaintiff Tifney A. DeMarcus asks for that the Defendants' actions, policies, and practices as alleged herein are unlawful, for an order enjoining Defendants from engaging in the unlawful acts complained of herein, backpay, front pay, liquidated damages, reinstatement to her position, production of the minutes for the illegal executive session, reasonable attorney fees and costs, and for such other relief as is just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on the claims to which she has a right to a jury trial.

Respectfully submitted,

 s/Patricia A. Podolec
Patricia A. Podolec, OBA # 21325
10601 S. Western, Suite 119
Oklahoma City, OK. 73170
Phone:       405-703-4431
Cell:   405-760-3358
Fax:   405-400-8784
ppodolec@podoleclaw.com